UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>)<br>v.                                         )<br>)<br>)<br>)<br>ROMAN ZHIRNOV,                  )<br>                    Defendant       ) | Criminal No. 02-30043-MAP |

MEMORANDUM WITH REGARD TO DEFENDANT
ROMAN ZHIRNOV'S MOTION TO RECONSIDER ORDER OF DETENTION
(Document No. 59)
February 10, 2004

NEIMAN, U.S.M.J.

Roman Zhirnov ("Defendant") has been named in a second superseding indictment dated January 20, 2004. He is charged, together with four other individuals, with conspiracy to deal firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count I); conspiracy to possess firearms with obliterated serial numbers in violation of 18 U.S.C. § 922(k) (Count II); possession of firearms with obliterated serial numbers, and aiding and abetting, in violation of 18 U.S.C. §§ 922(k) and 2 (Count VI); and possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 (Counts XI and XII).

The Government moved for detention pursuant to 18 U.S.C. § 3142(e) and (f), asserting that Defendant presents a risk of flight and a danger to the community. (See Document No. 50.) On January 30, 2004, this court ordered that Defendant be detained, (see Document No. 53), although it held out the possibility of release should Defendant

offer a set of acceptable conditions. Claiming to have met the challenge, Defendant now seeks release. A hearing on Defendant's motion was held on February 5, 2004, at which time the court allowed the motion. It now memorializes its decision in writing.

## I. Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, a defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). For this reason, a defendant may be detained only if the judicial officer finds by (1) *clear and convincing evidence*, that the defendant is a danger to the community, or (2) *a preponderance of the evidence*, that the defendant poses a risk of flight. See 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987); *United*

States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. 1986).  Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person."  18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two-step procedure for making the determination that a defendant should be detained.  First, the Government is entitled to move for detention when a defendant has been charged with an offense enumerated in the Act for which Congress has determined that detention is warranted.  *See* 18 U.S.C. § 3142(f)(1).  Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the defendant and the safety of the community against any danger posed by the defendant's pretrial release.  *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Government is aided by the statutory presumptions created by 18 U.S.C. § 3142(e).  Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the defendant has been convicted of a federal offense that is described in section 3142(f) or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed

since the date of conviction or release from imprisonment for such offense.

The Government may invoke the same rebuttable presumption if the judicial officer finds probable cause to believe that the defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed in (a) the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).

In making the determination as to whether a defendant overcomes the statutory presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The Government has not invoked the rebuttable presumption in the instant case.

II. Finding of Facts and Discussion of Whether Detention is Warranted

The court makes the following factual findings and conclusions of law.

A. Nature of Offense: § 3142(g)(1)

As described, Defendant has been charged with a variety of firearms-related crimes. Only one of his co-defendants, Aleksey Safanov, had been charged in the two previous iterations of the indictment. The Government has indicated that Defendant faces a guidelines range of 63 to 78 months were he to plead guilty to the charges and 87 to 108 months were he to be convicted after trial. These are the same guideline ranges faced by Mr. Safanov. Another co-defendant, Andrey Buynovskiy, faces guideline ranges from 24 to 41 months. Both Mr. Safanov and Mr. Buynovskiy have been released on conditions pending trial. The two remaining defendants have not yet appeared in this court; however, both have been released on conditions in Rule 40 hearings in two other districts.

B. The Weight of the Evidence: § 3142(g)(2)

The court is unaware of the strength of the case against Defendant, although it will assume for purposes here that it is relatively strong.

C. History and Characteristics of Defendant: § 3142(g)(3)(A)

Defendant, who is thirty-three years old, was born in Russia and came to this country in March of 1998 as a religious refugee. He completed the twelfth grade and graduated from the Moscow Institute. He resides alone in West Springfield. He is divorced and has one child who is eleven years old and resides with Defendant's ex-wife in West Springfield. Defendant's mother and sister still live in Russia. His father is deceased.

5

Defendant is the owner of a video store in West Springfield earning twenty-thousand dollars per year. He also claims to be in the midst of starting a video store in Philadelphia, Pennsylvania, although he is prepared to abandon that effort should he be released. Defendant's prior record is centered on two very serious domestic disputes, one involving his wife in 1998, the other involving a girlfriend in 2000.

### D. Probation Status of Defendant: § 3142(g)(3)(B)

It appears that the charged crime was committed while Defendant was on probationary status.

### E. Whether Defendant Poses a Risk of Flight: § 3142(e)

The Government asserts that Defendant poses a risk of flight. In support, the Government asserts that Defendant has few ties to Western Massachusetts, that, as described, he was to move to Pennsylvania and that he also had an elaborate business plan to open a video store in Boston. For his part, Defendant contends that his only family ties are to western Massachusetts, namely, his son, and that he is willing to forego any plans to move to Philadelphia.

Even though Defendant's roots in this community are not deep, the court believes that he will remain to fight the charges against him. The court also believes that, the Government's argument notwithstanding, Defendant does not have the financial wherewithal to flee. Finally, the court believes that, while there may be some risk of flight, there are sufficient conditions, as described below, which can guard against that risk.

### F. Whether Defendant Poses a Risk to the Community: § 3142(g)(4)

The Government also vigorously asserts that Defendant, if released, will pose a

danger to the community and that there are no conditions which would guard against the danger. The Government claims that Defendant had a leadership role in the charged crimes, which alone represents a significant danger to the community. The Government also emphasizes the violent nature of Defendant's two previous convictions, both of which, as described, involved serious domestic disputes.

The court takes the Government's concerns quite seriously. The court is neither enamored with the types of crimes charged in the indictment, nor the violence Defendant visited upon his wife and, later, his girlfriend. Nonetheless, the court notes that Defendant's prior convictions do not relate to the instant charges. Moreover, even in cases where there is the potential for danger, there may still be strict conditions of release which can serve as a reasonable guard against the risk. *See Patriarca*, 948 F.2d at 794. As District Judge Robert E. Keeton explains, "Congress has not provided a definition of 'safety of . . . the community,'" 18 U.S.C. § 3142(e), or "danger to ... the community," 18 U.S.C. § 3142(g)(4). *United States v. Phillips*, 732 F. Supp. 255, 266 (D. Mass. 1990). He continues:

> Congress did, however, choose to use the term "danger" which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether, by conditions of release, the community can *reasonably* be assured of its safety.

*Id*. (emphasis supplied) (citing *United States v. Orta,* 760 F.2d 887, 892 (8th Cir. 1985) (en banc)).

Here, the court believes that stringent conditions of release can reasonably assure

the safety of the community. These conditions take into account, in particular, the significant limits placed of Defendant's movements and the oversight of the Pretrial Services Office. The conditions also take into account representations of Defendant's friends about their willingness to risk a financial loss should Defendant violate his conditions of release. Those conditions are set forth below.

### G. Conditions of Release

The following conditions for Defendant's pretrial release are established:

1. Defendant shall execute an unsecured bond in the amount of $50,000;

2. Defendant's friends, Ekktram Namedov and Namedov's wife, Taisa Prokkerkus, shall execute a $5,000 bond to be secured by cash.[1] The bond shall secure not only Defendant's appearance but also his compliance with all conditions of release. A violation of any condition of release can result in forfeiture of the bond;

3. Defendant shall refrain from any use or unlawful possession of a firearm;

4. Defendant shall report three times per week to Pretrial Services as directed;

5. Defendant shall be placed on electronic monitoring and observe a curfew from 12:00 midnight to 8:00 a.m. each day;

6. Defendant shall maintain his business and provide Pretrial Services ongoing proof of such employment;

7. Defendant shall maintain his current residence and not travel outside Hampden County;

8. Defendant shall have no contact with any co-defendant or potential witness.

IT IS SO ORDERED.

---

[1] At the hearing, the Government had an opportunity to examine Namedov and Prokkerkus and the court ultimately satisfied itself with the source of the $5,000 secured bond.

DATED: February 10, 2004

                                                /s/ Kenneth P. Neiman
                                          KENNETH P. NEIMAN
                                          U.S. Magistrate Judge