UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | CRIMINAL INDICTMENTS |
| ) | NO. 02-30043-MAP |
| ROMAN ZHIRNOV, ) | |
|     Defendant ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUPPRESSION OF UNLAWFUL SEARCH AND SEIZURE OF DEFENDANT'S AUTOMOBILE

The Defendant, Roman Zhirnov was not present on October 26, 2002 at the time of the stop and search and seizure of the jeep operated by the Defendant Alexei Safanov. However, at that time he was the owner of this vehicle.

Procedurally, the Defendant Alexei Safanov has filed a *Motion to Suppress Unlawful Search and Seizure of Defendant's Person and Automobile* in this action.

### ISSUE

Whether the West Springfield Police Department violated the Defendant Roman Zhirnov's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, such that the search of his vehicle constituted an unlawful search and seizure of items and the fruits thereof, which should therefore be suppressed.

## DISCUSSION

The right to have evidence excluded from the trial cannot be limited to the defendant who originally made the motion to suppress. Were the Court to hold otherwise, the failure of the moving defendant to appeal would leave his co-defendant(s) prejudiced by the wrongful denial of a motion to suppress but unable 'to present their grievance before any court.' See Barrows v. Jackson, 346 U.S. 249, 257, 73 S.Ct. 1031, 1035, 97 L.Ed. 1586 (1953). McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948)

It is undisputed that the Government intends to offer and present certain evidence against the Defendant Roman Zhirnov, including evidence of the items seized from his motor vehicle by the West Springfield Police Department on October 26, 2002, while it was being operated by the Defendant, Alexei Safanov. As such, the Defendant Roman Zhirnov is aggrieved by the potential presentation of such evidence.

Where a warrant has not been obtained, the government bears the burden of proving that its search and seizure falls within a recognized exception to the warrant requirement. United States v. Cruz Jimenez, 894 F.2d 1, 6 (1st Cir.1990) Although the police officers may not have been precluded from investigating information they received, as long as their actions did not violate the Fourth and Fourteenth Amendments of the United States Constitution, in the present case it has not been established that the police officers had sufficient probable cause to stop and arrest the Defendant Alexei Safanov or to search the Defendant Zhirnov's vehicle.

The information available to the Defendant Zhirnov is that the police only had a phone call from a particular person, which reliability of information was not established.

This raises the issue of probable cause sufficient to establish the necessary standard required. As stated by the Defendant Safanov in his Motion and Memorandum, to establish probable cause, the government must demonstrate that "at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense. United States v. Bizier, 111 F.3d 214 (1st Cir. 1997). Applying the totality of the circumstances test to determine whether there is probable cause, the search and the seizure of the Defendant's vehicle was unlawful and the items and the fruits obtained thereafter should be suppressed.

Wherefore, Defendant requests that his Motion to Suppress be granted.

THE DEFENDANT,
BY HIS ATTORNEY,

_____
Charles J. Sclafani, Jr.
BBO# 550411

Johnson & Sclafani
776 Westfield Street
West Springfield, MA 01089
413-732-8356

### CERTIFICATE OF SERVICE

I, Charles J. Sclafani, Jr., attorney for the Defendant, Roman Zhirnov, hereby certify that on this 10th day of December, 2004, I served a copy of the foregoing *DEFENDANT'S* MOTION FOR SUPPRESSION OF UNLAWFUL SEARCH AND SEIZURE OF DEFENDANT'S AUTOMOBILE and supporting MEMORANDUM, by in hand delivery to the Assistant U.S. Attorney, Kevin O'Regan, Federal Building & Courthouse, 1550 Main Street, Springfield, MA 01103.

_____
Charles J. Sclafani, Jr.