UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL INDICTMENTS |
| | ) | NO. 02-30043-MAP |
| ROMAN ZHIRNOV, | ) | |
| Defendant | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Now comes the Defendant, Roman Zhirnov, by his attorney, and hereby submits the following Defendant's Proposed Jury Instructions for consideration by the Court to be read to the jury.    These Jury Instructions are primarily framed by specific reference to Modern Federal Jury Instructions by Matthew Bender & Company, Inc.

The Defendant reserves the right to supplement these proposed jury instructions prior to the time the jury is so instructed.


Dated:  November 11, 2005

THE DEFENDANT,
ROMAN ZHIRNOV,
BY HIS ATTORNEY

_____
Charles J. Sclafani, Jr.
Bar No:  550411

Johnson & Sclafani
776 Westfield Street
West Springfield, MA 01089
(413) 732-8356
(413) 439-0480 FAX

**REQUEST FOR INSTRUCTIONS AT BEGINNING OF TRIAL**

**REQUEST NO. 1**

This case is now officially on trial and you are the jurors in the case.

A preliminary word about your duties and trial procedures.

I have already instructed you that the function of the jury is to decide the disputed fact issues in the case.

Obviously, in order to discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward.

In short, it is important to keep an open mind throughout the entire trial.

I also usually suggest that it is equally important to observe the witnesses as they testify.

The reason for this is that the credibility of most witnesses, if not all, will be an issue.

You will be called upon to appraise the credibility or the truthfulness of a particular witness' testimony.

Often times it is not what a witness says, but how he says it that may give you a clue as to whether or not to accept his version of an incident or an event as credible or believable.

In short, his manner of testifying before you, his appearance--that is, his general demeanor--is a factor that may play an important part in your reaching a judgment as to whether or not you can accept the witness' testimony as reliable.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened because if you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in

2

subsequent to the witness you heard. This would be unfair to one side or the other.

A case can be presented only step by step, witness by witness, before the totality of all evidence is before you.

We know from experience that frequently we will hear a person give his version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross-examined with respect to it-- what seemed so very compelling and impressive may be completely dissipated or weakened. I am simply saying or trying to say to you in very simple terms, remember that usually there may be another side to every story.

Think of the old adage there are usually two sides to every story and remember you will not have heard both sides of any version until all the evidence in the case has been presented. Thus, it is important to keep an open mind throughout the taking of evidence.
In order to assure that you continue to keep an open mind, you are not--and the court now instructs you--to discuss the case among yourselves during the progress of the trial, to discuss the evidence or any aspect of the case, or talk to any of the witnesses in the case, or anyone about the case or permit anyone to talk to you about the case.

This instruction about not discussing the case with others or permitting others to talk to you about it extends to members of your own family, or friends.    It remains in effect whether I refer to it again or not.

The only time you are permitted to discuss or consider the case is when it is submitted for your final consideration, and that is after all the witnesses have been heard and after the lawyers who represent the parties have appeared before you and summed up, as we term it, giving their views as to what the evidence supports as to a fact finding--and after, of course, also importantly-

3

-the court's instructions as to the law.

It is only when the case is submitted to you for determination and you go into the jury room that you have the right to discuss or consider the evidence and make your fact determination.

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your taking of notes does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during the course of deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you. The defendant, his attorneys and the government attorneys are now instructed not to speak to jurors or to speak about the case in your presence.

Thus you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

You must not be influenced by anything you may have seen or heard outside of the courtroom.

You are in the best position of anyone to listen to what the witnesses testify to.

You will see these witnesses sworn; they will take a solemn oath before you to tell you the truth, the whole truth and nothing but the truth.

You will hear them on direct examination and every word that is said.

You will hear them on cross-examination and every word that is said.

Certainly there isn't anything that would give you more information than what you hear from the lips of the witnesses in this courtroom and such exhibits as come into the case under prescribed rules.

Often, the news media will print matters which they deem are significant when truly they are not significant, and often a writer will emphasize a point which may even distort the testimony of a key witness, and sometimes in stories about a trial there are even inaccuracies. You are instructed not to read, listen to, or watch news reports concerning the case.

If you should unavoidably see an item, disregard it and put it out of your mind. The fact is that from your seat you are in the best position to hear and see what goes on here, and you get only the evidence you are entitled to take into account in deciding the fact issues in the case.

This instruction, too, continues throughout the entire trial, whether or not I repeat it to you. Please remember that.

Finally, if any person should attempt to communicate with you or talk to you about the case, it is your duty to report that immediately to me, and to no one else.

Now a word about trial procedure.

The trial proper will start with what are called opening statements.

The attorneys representing the government and the attorneys representing the defendant will, before any evidence is received, appear before you and make opening statements. This is a sort of framework or reference as to what the case is about--the issues in the case--and the attorneys will set forth what they believe--and I underscore the word believe--the evidence

5

will show.

These statements by the lawyers are made in good faith and on the basis of their preparation for trial.

But I must caution you now, and probably will again during the course of the trial, that, however helpful these opening statements may be so that we can follow the testimony with reference to the issues in the case, they are not a substitute for the evidence.  The only evidence that you may act upon is that which you will hear from a witness who will be sworn in your presence, takes an oath to tell the truth, and following his questioning on direct examination, is subject to cross-examination, and such documents or exhibits as are admitted in evidence.

The totality of the testimony of witnesses and the exhibits constitute the evidence upon which you will reach a verdict in the case.

So, too, if during the course of the trial a lawyer for either the government or the defense should make any statement with reference to a fact matter, or include a fact reference in a question, or eventually in his summation refers to fact matters, you will bear in mind that statements by the lawyers are not evidence.

The sole and only evidence is that to which I have already referred.

After the opening statements, the government will offer its proof--that is called the government's direct case.

Upon the conclusion of the government's case, the defendant may go forward with his case.

If there is any rebuttal, the government will offer rebuttal.

A defendant is not required to make an opening statement or offer any proof.

As I have already told you, he has no burden of proof; he is presumed to be innocent of

the charges.

The sole burden of proof is upon the government, and to sustain its charges it must do so beyond a reasonable doubt. If a defendant decides not to make an opening statement or offer proof, in no respect may this be considered against a defendant.

Upon the conclusion of all the testimony the lawyers will again address you. This is called a summation and each will urge upon you the arguments that he believes supports whatever position he advocates.

You will, of course, listen attentively to the lawyers.

The determination as to whether or not you accept any argument advanced before you by the prosecution or the defense is entirely up to you.

You make the fact determination.

You may accept such arguments as appeal to you; if not, you reject them.

Following the lawyers' summation, the court will instruct you as to the law and it is then that you go into the jury room and undertake your fact-finding function.

The ultimate decision in finding the facts, deciding the facts, is yours.

This must be based upon the evidence presented before you.

---

Modern Federal Jury Instructions 1-1 § 1.02

## JUROR ATTENTIVENESS

## REQUEST NO. 2

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

---

Modern Federal Jury Instructions 2-1 § 2.01

## ROLE OF THE COURT

## REQUEST NO. 3

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

---

Modern Federal Jury Instructions 2-2 § 2.01

opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

---

Modern Federal Jury Instructions 2-3 § 2.01

11

## JUROR OBLIGATIONS

## REQUEST NO. 5

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case. You must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case."

_____

Modern Federal Jury Instructions 2-4 § 2.01

## THE GOVERNMENT AS A PARTY

## REQUEST NO. 6

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to litigation.  By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

---

Modern Federal Jury Instructions 2-5 § 2.01

United States v. Corr, 543 F.2d 1042 (2d Cir. 1976)

United States v. Linton, No. Cr.-R-80-24 ECR, Instr. No. 114 (D. Nev. 1980)

United States v. Eisenberg, 76 Cr. 5 (E.D. Wis. 1976)

United States v. Robinson, 78 Cr. 106 (E.D. Wis. 1979)

13

## CONDUCT OF COUNSEL

## REQUEST NO. 7

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Modern Federal Jury Instructions 2-8 § 2.01

14

## IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN

## REQUEST NO. 8

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion or national origin.   All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.
It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

_____

Modern Federal Jury Instructions 2-11 § 2.01

Irvin v. Dowd, 366 U.S. 717, 81 S. Ct. 1639, 6 L. Ed. 2d 751 (1961)

15

**JURY TO CONSIDER ONLY THIS DEFENDANT**

**REQUEST NO 9**


You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant, Roman Zhirnov. Your verdict rendered against this defendant should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of any other people, including any co-defendants, has or has not been proven.

---

[Based on] Modern Federal Jury Instructions 2-18 § 2.01

16

## <u>INDICTMENT IS NOT EVIDENCE</u>

## <u>REQUEST NO. 10</u>

With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant. The function of an indictment is "to initiate a case" and that the grand jury hears evidence without the presence of a judge or defense counsel and there is no right to cross-examine.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

---

Modern Federal Jury Instructions 3-1 § 3.01

17

## ELEMENTS OF THE CRIME
## CONSPIRACY TO DEAL FIREARMS WITHOUT A LICENSE
## (18 U.S.C. § 371 and § 922(a)(1)(A))

### REQUEST NO. 11

Title 18, United States Code, Section 371 makes it a crime for two or more persons to conspire to commit any offense against the United States in any manner or for any purpose.

Title 18, United States Code, Sections 922(a)(1)(A) make it a crime to be in the business of dealing in firearms without a federal license.

The first indictment charges that the defendant Roman Zhirnov conspired with others to deal firearms without a license. Count One of the indictment reads: Title 18, United States Code, Sections 371 and 922 (a)(1)(A): Conspiracy to Deal Firearms Without a License.

Five elements must be present to establish conspiracy: there must be agreement, purpose of that agreement must be to break the law, there must be overt acts, purpose of the acts must be to further the conspiracy, and defendant on trial must have entered conspiracy willfully. U.S. v. Nall, C.A.10 (N.M.) 1991, 949 F.2d 301.

In order to sustain its burden of proof for the crime of engaging in the business of dealing in firearms without a license as charged in Count One of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: That Defendant Roman Zhirnov engaged in the business of dealing in firearms;

Two: Defendant Roman Zhirnov was not then a federally licensed firearms dealer; and

Three: Defendant Roman Zhirnov acted willfully.

18

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime charged is complete and you may find the defendant guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

---

[Based on] Modern Federal Jury Instructions 3-10 § 3.01

Davis v. United States, 160 U.S. 469 (1895).
United States v. Srulowitz, 785 F.2d 382 (2d Cir. 1986).
United States v. Gjurashaj, 706 F.2d 395, 398 (2d Cir. 1983).

19

**ELEMENTS OF THE CRIME**
**CONSPIRACY TO POSSESS FIREARMS WITH OBLITURATED SERIAL NUMBERS**
**( 18 U.S.C. § 371 and § 922(k))**

**REQUEST NO. 12**

Title 18, United States Code, Section 371 makes it a crime for two or more persons to conspire to commit any offense against the United States in any manner or for any purpose.

Title 18, United States Code, Sections 922(k) makes it a crime to knowingly transport, ship or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which had had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

The second indictment charges that the defendant Roman Zhirnov conspired with others to possess firearms without obliterated serial numbers. Count Two of the indictment reads: Title 18, United States Code, Sections 371 and 922 (k): Conspiracy to Possess Firearms With Obliterated Serial Numbers.

Five elements must be present to establish conspiracy: there must be agreement, purpose of that agreement must be to break the law, there must be overt acts, purpose of the acts must be to further the conspiracy, and defendant on trial must have entered conspiracy willfully. U.S. v. Nall, C.A.10 (N.M.) 1991, 949 F.2d 301.

In order to sustain its burden of proof for the crime of possessing firearms with obliterated serial numbers in Count Two of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt: