One: That Defendant Roman Zhirnov possessed or received firearms;

Two: That such firearms had the importer's or manufacturer's serial number removed, obliterated or altered;

Three: That such firearms had, at any time, been shipped or transported in interstate or foreign commerce; and

Three: Defendant Roman Zhirnov acted willfully.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime charged is complete and you may find the defendant guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

---

[Based on] Modern Federal Jury Instructions 3-10 § 3.01

Davis v. United States, 160 U.S. 469 (1895).
United States v. Srulowitz, 785 F.2d 382 (2d Cir. 1986).
United States v. Gjurashaj, 706 F.2d 395, 398 (2d Cir. 1983).

21

**ELEMENTS OF THE CRIME**
**POSSESSION OF FIREARMS WITH OBLITURATED SERIAL NUMBERS AND**
**AIDING AND ABETTING**
**( 18 U.S.C. § 371 and § 922(k))**

**REQUEST NO. 13**

Title 18, United States Code, Sections 922(k) makes it a crime to knowingly transport, ship or

receive, in interstate or foreign commerce, any firearm which has had the importer's or

manufacturer's serial number removed, obliterated, or altered or to possess or receive any

firearm which had had the importer's or manufacturer's serial number removed, obliterated, or

altered and has, at any time, been shipped or transported in interstate or foreign commerce.

Count Six of the indictment reads: Title 18, United States Code, Sections 922 (k): Possession of

Firearms With Obliterated Serial Numbers and Aiding and Abetting.

In order to sustain its burden of proof for the crime of possessing firearms with obliterated

serial numbers in Count Two of the indictment, the government must prove the following four

(4) essential elements beyond a reasonable doubt:

One: That Defendant Roman Zhirnov possessed or received firearms;
Two: That such firearms had the importer's or manufacturer's serial number removed,
obliterated or altered;
Three: That such firearms had, at any time, been shipped or transported in interstate or foreign
commerce; and
Fourth: Defendant Roman Zhirnov acted willfully.

To "aid and abet" means intentionally to help someone else commit a crime. To establish

aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else

committed the charged crime and (2) the defendant Roman Zhirnov willfully associated himself

in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done--that is to say with bad purpose, either to disobey or disregard the law.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime charged is complete and you may find the defendant guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

_____

[Based on] Modern Federal Jury Instructions 3-10 § 3.01

Davis v. United States, 160 U.S. 469 (1895).
United States v. Srulowitz, 785 F.2d 382 (2d Cir. 1986).
United States v. Gjurashaj, 706 F.2d 395, 398 (2d Cir. 1983).

23

**ELEMENTS OF THE CRIME**
**POSSESSION OF FIREARM AFTER A FELONY CONVICTION AND AIDING AND ABETTING**
**( 18 U.S.C. § 922(g)(1))**

**REQUEST NO. 14**

Title 18, United States Code, Sections 922(g)(1) makes it a crime for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Count Eleven and Twelve of the indictments read:  Title 18, United States Code, Sections 922 (g)(1): Possession of Firearm After Felony Conviction and Aiding and Abetting.

In order to sustain its burden of proof for the crime of possessing firearms in Count Eleven and Twelve of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One: That Defendant Roman Zhirnov possessed or received firearms; and
Two: Defendant Roman Zhirnov acted willfully.

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant Roman Zhirnov willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared

24

the other person's knowledge of the underlying criminal act and intended to help him. Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done--that is to say with bad purpose, either to disobey or disregard the law.

If you, the jury, find beyond a reasonable doubt from the evidence in the case that the government has proved each of the foregoing elements as charged in the indictment, then proof of the crime charged is complete and you may find the defendant guilty. If, on the other hand, you have a reasonable doubt after careful consideration of all of the evidence as to any of the elements, then it is your duty to acquit.

---

[Based on] Modern Federal Jury Instructions 3-10 § 3.01

Davis v. United States, 160 U.S. 469 (1895).
United States v. Srulowitz, 785 F.2d 382 (2d Cir. 1986).
United States v. Gjurashaj, 706 F.2d 395, 398 (2d Cir. 1983).

## **KNOWINGLY**

## **REQUEST NO. 15.**

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

Modern Federal Jury Instructions 3A-1  § 3A.01

United States v. Hopkins, 53 F.3d 533 (2d Cir. 1995), cert. denied, -- U.S. --, 116 S. Ct. 773 (1996).

## WILLFULLY

## REQUEST NO. 16

You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

---

Modern Federal Jury Instructions 3A-3  § 3A.01

United States v. Dorge, 961 F.2d 1030 (2d Cir. 1992).

27

**INTENTIONALLY**

**REQUEST NO. 17**

The government must prove beyond a reasonable doubt that the defendant acted intentionally when he is alleged by the Government to have knowingly and willingly conspired, confederated and agreed with others to commit an offense against the United States to engage in the business of dealing in firearms in interstate a commerce without a license in violation of Title 18, United States Code, Section 922(a)(1)(A).

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

---

Modern Federal Jury Instructions 3A-4  § 3A.01

United States v. Townsend, 987 F.2d 927 (2d Cir. 1993).

28

**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

**REQUEST NO. 18**

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment. As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty. This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

---

Modern Federal Jury Instructions 4-1 § 4.01

United States v. Corr, 543 F.2d 1042 (2d Cir. 1976).

29

## REASONABLE DOUBT

### REQUEST NO. 19

I have said that the government must prove the defendant guilty beyond a reasonable
doubt. The question naturally is what is a reasonable doubt? The words almost define
themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable
person has after carefully weighing all of the evidence. It is a doubt which would cause a
reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof
beyond a reasonable doubt must, therefore, be proof of such a convincing character that a
reasonable person would not hesitate to rely and act upon it in the most important of his own
affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not
an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.
In a criminal case, the burden is at all times upon the government to prove guilt beyond a
reasonable doubt. The law does not require that the government prove guilt beyond all possible
doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the
defendant, which means that it is always the government's burden to prove each of the elements
of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable
doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial
consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable
doubt, you should vote to convict.

---

Modern Federal Jury Instructions 4-2  § 4.01

United States v. Birbal, 62 F.3d 456 (2d Cir. 1995) (citing Treatise); United States v. Ivic, 700
F.2d 51 (2d Cir. 1983); United States v. Magnano, 543 F.2d 431 (2d Cir. 1970) .

**NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

**REQUEST NO. 20**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

---

Modern Federal Jury Instructions 4-3  § 4.01

31

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

### **REQUEST NO. 21**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses--what he sees, feels, touches or hears-- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires

32

that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a
reasonable doubt from all of the evidence in the case.

---

Modern Federal Jury Instructions 5-2  § 5.01

**QUESTIONS**

**REQUEST NO. 22**

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

_____

Modern Federal Jury Instructions 5-3 § 5.01

United States v. DeFillipo, 590 F.2d 1228 (2d Cir.), cert. denied, 442 U.S. 920 (1979).

## **TESTIMONY, EXHIBITS, STIPULATIONS, AND JUDICIAL NOTICE IN GENERAL**
## **REQUEST NO. 23**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence. Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

---

Modern Federal Jury Instructions 5-4  § 5.02

**DEFENDANT'S RIGHT NOT TO TESTIFY**

**REQUEST NO. 24**

The defendant did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

In other words, you should simply put the whole matter of the defendant not testifying out of your mind. There may be any number of reasons which are perfectly innocent for him not testifying. He may be nervous, he may stammer when he speaks, he may have an unattractive voice. There are hundreds of possible reasons. It is simply a matter you should not consider and I am instructing you, as a matter of law, not to.

_____

Modern Federal Jury Instructions 5-21  § 5.07

Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965).

## **DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES**

## **REQUEST NO. 25**

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

_____

Modern Federal Jury Instructions 7-4  §7.01

37

## WITNESS CREDIBILITY

## REQUEST NO. 26

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

38

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness--consciously or not--to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

---

Modern Federal Jury Instructions 7-1  § 7.01

United States v. Corr, 543 F.2d 1042 (2d Cir. 1976)

United States v. Scotto, 641 F.2d 47 (2d Cir. 1980) ;

Federal Judicial Center Criminal Pattern Instructions, No. 23 at 37.

39

## LAW ENFORCEMENT WITNESS

## REQUEST NO. 27

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

Modern Federal Jury Instructions 7-16  §7.01

40