**INFORMANT WITNESS**

**REQUEST NO. 28**

The testimony of an informant, someone who provides evidence against someone else for money, or to escape punishment for his own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

You have heard testimony of Carlos Ortiz, who may be considered to be an informant in this case. He has received money from the Government in exchange for providing information against the defendants. The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of this case, or by prejudice against the defendant. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

United States v. Wright, 573 F.2d 681, 685 (1st Cir.), cert. denied, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978); see also United States v. House, 471 F.2d 886, 888 (1st Cir.1973)

## ACCOMPLICE WITNESS

## REQUEST NO. 29

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

The fact that an alleged accomplice has agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

United States v. Wright, 573 F.2d 681, 685 (1st Cir.), cert. denied, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978); see also United States v. House, 471 F.2d 886, 888 (1st Cir.1973) (same for paid-informant testimony). The language varies somewhat. See United States v. Hernandez, 109 F.3d 13,17 (1st Cir.1997) (approving "with greater caution" or "with caution"); United States v. Brown, 938 F.2d 1482, 1486 (1st Cir.) (referring to the standard accomplice instruction as "with caution and great care"), cert. denied, 502 U.S. 992, 112 S.Ct. 611, 116 L.Ed.2d 633 (1991); United States v. Skandier, 758 F.2d 43, 46 (1st Cir.1985) ("scrutinized with particular care"), United States v. Hickey, 596 F.2d 1082, 1091 n. 6 (1st Cir.) (approving "greater care" instruction), cert. denied, 444 U.S. 853, 100 S.Ct. 107, 62 L.Ed.2d 70 (1979).

## INFERENCE DEFINED

## REQUEST NO. 30

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

43

---

Modern Federal Jury Instructions 6-1 § 6.01

Turner v. United States, 396 U.S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970)
Holland v. United States, 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150 (1954).

United States v. Pfingst, 477 F.2d 177 (2d Cir.), cert. denied, 412 U.S. 941 (1973)
United States v. Crespo, 422 F.2d 718 (2d Cir.), cert. denied, 398 U.S. 914 (1970).

## CERTIFICATE OF SERVICE

I, Charles J. Sclafani, Jr., attorney for the Defendant, hereby certify that on this 21st day of November, 2005, I served a copy of the foregoing **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**, via in hand service to Kevin O'Regan, Esq., Assistant United States Attorney.

_____
Charles J. Sclafani, Jr.