**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROMAN ZHIRNOV,

        Defendant.

CRIM. NO. 02-30043-MAP

*FILED
IN CLERK'S OFFICE

2005 NOV 21  P 2: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.*

## MOTION IN LIMINE WITH POINTS & AUTHORITIES
## BY THE DEFENDANT, ROMAN ZHIRNOV

NOW comes the Defendant, ROMAN ZHIRNOV, by and through his attorney in the above-entitled case and moves the Court in limine for an order instructing the government to refrain from making any direct or indirect reference whatsoever in person, by counsel, or through witnesses, to the evidence hereinafter specified, on the following grounds:

1. **Evidence of Questionable Relevance:**    The government alleges that the Defendant Roman Zhirnov was involved in a conspiracy to deal firearms without a license, conspiracy to possess firearms with obliterated serial numbers, possession of firearms after felony conviction and aiding and abetting.   The government has indicated that it will look to enter numerous and varied firearms into evidence to support the indictments.   However, only one firearm alleged to have been delivered on October 3, 2002 may actually be relevant to the Defendant Roman Zhirnov.   It is the position of the defendant that the inclusion of almost all of the firearms to be offered by the government in the trial have no probative

1

value relating to the charges against the defendant. See, FRE 401. Inclusion of any particular firearms unrelated to the defendant is more prejudicial than probative under FRE 403.

2.    **Evidence Whose Prejudice to the Defendant Outweighs Its Probative Value:**

**(A)** The government alleges that the defendant and other co-defendants are members of Russian Organized Crime, the Russian Mafia and/or the Gerasimchuk Organization. Testimony that the defendant and/or co-defendants are members of any of these organizations would be more prejudicial than probative under FRE 403. **(B)** The government may elicit testimony from one or more of its witnesses that the instant investigation was "part of the ongoing ATF investigation into illegal firearm trafficking by Russian Organized Crime figures operating in Massachusetts and Pennsylvania". This "course of investigation" or "background information" evidence is not relevant to the issue of guilt or innocence and should be excluded. Second, this type of evidence is inadmissible hearsay despite the government's anticipated argument that it provides context for the police investigation. Finally, this type of evidence is more prejudicial than probative under FRE 403. **(C)** The government begins many of its secret recordings with an introductory comment from either a law enforcement officer or the informer, Carlos Ortiz. These introductory comments state that the CW is about to make a controlled purchase of certain weapons at a certain location. Similar to the rationale stated above regarding "background information" and "course of investigation" evidence, the court should exclude these introductory comments because they are either irrelevant, hearsay and/or more prejudicial than probative.

**(D)** The government may present evidence of firearms with bayonets attached as well as a shotgun, which can be concealed, in a manner designed to provoke the passions of the jury. The defendant suggests that these pieces of evidence be presented in an objective manner. There should be no reference to or gesturing of the bayoneted weapons' use as an impaler or the shotgun's use as a concealed weapon. Defense counsel is unaware of any evidence, which supports a finding that the accused intended that the firearms with bayonets be used as an impaling device or that the shotgun be used as a concealed weapon.

3.    **Co-conspirator Statements:** The government seeks to introduce admissions of the defendant's alleged confederates as if the admissions were his own. Notwithstanding FRE 801(d) (2) (E), many of these so-called admissions are either not made "in the course of the conspiracy", or not made "in furtherance of the conspiracy". The government has indicated that it intends to use all of the conversations between the 5 defendants and each other as well as those conversations with the informer, Carlos Ortiz. It is defense counsel's experience that this Court will not permit a pretrial hearing to determine the admissibility of co-conspirator statements. Instead, this Court allows the statements to be conditionally admitted upon the promise that the government will "connect them up" later. Defense counsel reserves the right to object to the admission of any of these statements at trial as well as to file a motion to strike and/or a motion for mistrial at the close of the government's case and again at the close of evidence as to whether the FRE 801(d)(2)(E) preliminary facts have been established.

WHEREFORE, Mr. Zhirnov prays that this Motion be granted and respectfully requests a hearing on the admissibility of the proposed co-conspirator hearsay evidence in order to present oral argument on the foregoing Motion.

THE DEFENDANT,
ROMAN ZHIRNOV,
BY HIS ATTORNEY,

November 21, 2005

Charles J. Sclafani, Jr.
BBO# 550411

Johnson & Sclafani
776 Westfield Street
West Springfield, MA 01089
413-732-8356

## CERTIFICATE OF SERVICE

I, Charles J. Sclafani, Jr., attorney for the Defendant, hereby certify that on this 21st day of November, 2005, I served a copy of the foregoing **MOTION IN LIMINE WITH POINTS & AUTHORITIES BY THE DEFENDANT, ROMAN ZHIRNOV**, via in hand service to Kevin O'Regan, Esq., Assistant United States Attorney.

Charles J. Sclafani, Jr.

4