UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 02-CR-30043-03 MAP |
| ROMAN ZHIRNOV, | ) ) ) | |

**DEFENDANT ROMAN ZHIRNOV'S MEMORANDUM IN SUPPORT
OF MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM**

The Defendant, Roman Zhirnov, herein submits this memorandum regarding his position on sentencing.

**OFFENSE CONDUCT**

On January 20, 2004 the Grand Jury sitting at U.S. District Court in Springfield, Massachusetts, returned a thirteen count Second Superceding Indictment, Criminal Number 02-30043-MAP naming Aleksei Safanov, Ivan Teleguz, Roman Zhirnov, Andrey Buynovskiy and Michael Quickel. On November 28, 2005, the Defendant Roman Zhirnov plead guilty to charges against him on Counts 1, 2, 6, 11 and 12 of a thirteen count Second Superceding Indictment. (There was no plea agreement).

Count 1 charged all five defendants, Aleksei Safanov, Ivan Teleguz, Roman Zhirnov, Andrey Buynovskiy and Michael Quickel, with Conspiracy to Deal Firearms without a License in violation of Title 18 U.S.C. §§ 371 and 922(a)(1)(A). Count 2 charged Aleksei Safanov, Ivan Teleguz, and Roman Zhirnov with Conspiracy to Possess Firearms and with Obliterated Serial Numbers in violation of Title 18 U.S.C. §§ 371 and 922(k). Count 6 charged Ivan Teleguz and

Roman Zhirnov with Possession of Firearms with Obliterated Serial Numbers and Aiding and Abetting in violation of Title 18 U.S.C. §§ 922(k). Counts 11 and 12 charged Roman Zhirnov with Possession of a Firearm by a Convicted Felon in violation of Title 18 U.S.C. §922(g)(1).

**SENTENCING**

As a result of the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2004), the United States Sentencing Guidelines are no longer mandatory, but are instead advisory. Hence, federal judges are no longer bound by mandatory sentencing guidelines, but need only consult them when they sentence. This ruling allows federal judges to be free to decide for themselves whether defendants deserve sentences longer or shorter than the ranges prescribed by the guidelines, as long as such sentences are reasonable. The balance struck by the <u>Booker</u> decision is best explained by Justice Stephen G. Breyer, who wrote on behalf of the five justices who supported it that "it will help avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary." Thus, the new standard for sentences, "reasonableness", is entrusted wisely to the sound discretion of the federal judiciary. The Court now can and should exercise its new freedom to impose lesser sentences where they think they are justified.

The Guidelines permit a downward departure where the total loss calculation overstates the seriousness of the offense. U.S.S.G. § 2F1.1, 18 U.S.C.A. (2000), U.S.S.G. § 2B1.1, 18 U.S.C.A. (2001), <u>U.S. v. Gonzalez-Alvarez,</u> 277 F.3d 73 2002.

As the court carefully considers the nature and circumstances of Mr. Zhirnov's offense and conduct and his history and characteristics, the reasonable conclusion is that Mr. Zhirnov is entitled to judicial wisdom free to impose a lesser sentence in balance with the purpose of

sentencing. This court has used its wisdom in prior cases to temper punishment appropriate with the consideration of the nature and circumstances of the offense and conduct and its history and characteristics.

### The Application of the Guidelines

The Federal Sentencing Guidelines, U.S.S.G. § 2K2.1(a)(6), sets a base offense level for a prohibited person of **24**, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. (Assault and Battery with Dangerous Weapon, conviction on May 19, 1999 in the Springfield District Court and Assault and Battery with a Dangerous Weapon, conviction on September 25, 2000 in the Hampden County Superior Court).

U.S.S.G. § 2K2.1(b)(1)(C) is applicable to the Specific Offense Characteristics, as the conspiracy counts includes more than 25 firearms. (Although the probation Pre-Sentence Report and U.S. Attorney Memorandum indicates their position that 26 firearms were involved in the entire case, Probation also states that the Defendant was a minor participant in the criminal activity, as the Defendant was only personally involved in three transactions, with a fourth transaction occurring in his store. The Memorandum filed by the Assistant U.S. Attorney indicates and identifies the Defendant Zhirnov personally involved in the sale of three firearms; two on July 2, 2001 and one on October 3, 2002) This is a **level 6** increase.

**Adjusted Offense Level (subtotal):** 30

U.S.S.G. § 2K2.1(b)(4) indicates that if the offense involved any firearms with obliterated serial numbers, a **level 2** increase is applied.

**Adjusted Offense Level (subtotal):** 32

| | |
|---|---:|
| Cap on Cumulative Offense level | **29** |

As the Defendant was personally involved in only three transactions (as referenced above) a **level 2 reduction** is warranted for Defendant's minor and minimal participation in the criminal activity U.S.S.G. § 3B1.2(b).

| | |
|---|---:|
| **Adjusted Offense Level (subtotal):** | **27** |
| Adjustment for Acceptance of Responsibility, a **3 level reduction**: | **-3** |
| **Total Offense Level:** | **24** |

### Criminal History Computation

Prior Felony Convictions:   The definition of felony convictions is now defined (as applicable here) to include prior adult conviction under federal or state law for an offense punishable by death or by a prison term longer than one year.  The "new" rule for determining the number of prior felony convictions for the purpose of subsection (a) of §4B1.2 directs the sentencing court to use only those felony convictions that receive criminal history points under §4A1.1(a), (b) or (c), which narrows the applicability of subsection (a)(1) and (2).

The Defendant's criminal history, as detailed in the Probation Pre-Sentence Report, is that the was convicted for Assault and Battery with Dangerous Weapon on May 19, 1999 in the Springfield District Court and convicted on September 25, 2000 for Assault and Battery with a Dangerous Weapon in the Hampden County Superior Court.  The Defendant' s position is that a downward departure is warranted from his Criminal History Category calculation (category III calculation by Probation) as the calculation substantially over-represents the seriousness of the Defendant's criminal history or the likelihood that the Defendant will commit other crimes.

The primary reasons that the applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes is that the last offense occurred more than six years ago and the Defendant has long since been on exceptionally good terms with the alleged victim of the first offense and mother of his minor son, his ex-wife Inna Zhirnov, and his with his son. (See letters of Inna Zhirnov and his minor son Andrey Zhirnov offered in support of leniency in sentencing of the Defendant, dated March 2006). Mr. Zhirnov has long since had no contact with his ex-girlfriend, the subject of the latter conviction. The particulars of the Defendant's circumstances further supporting that the applicable criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes is presented in the attached letter drafted by the Defendant. (See attached "Exhibit A")

In fact, Inna Zhirnov voluntarily testified on behalf of the Defendant in support of his release at the detention hearing held on February 17, 2004. This is good evidence of her opinion of the redemption in the Defendant's conduct and significant improvement in his behavior since the events giving rise to the criminal history in question. Since the time of the last criminal offense, and other than the counts here at issue, there has been no evidence of criminal conduct in the intervening period. As reflected in the letters offered in support of the Defendant, he has put much time and effort in supporting the Russian community in which he lives and works and spending quality time with his son. The Probation Pre-Sentencing Report also reflects the Defendants work history and activities. The Defendant has also provided his ex-wife with much needed financial support for his son. Overall, there is good reason and ample support for noting

5

the redeeming qualities in the Defendant, putting his criminal history into context of past behavior not likely to be repeated.

For these reasons, the Defendant's position is that the criminal history score as calculated by Probation is unlikely to take into consideration all of the variations in the seriousness of criminal history that may occur. The Defendant's position is that a downward departure is warranted from his Criminal History Category from a Class III classification to a Class I classification.

### Mitigating Circumstances Warranting Downward Departure

Pursuant to U.S.S.G. §5K2.0, the Defendant Roman Zhirnov is entitled to downward departure due to his present situation and difficult experience assimilating from Russia to this country.

As described in the Defendant's letter to the Court, attached hereto as "Exhibit A", the Defendant came to this country in 1997 with his wife Inna Zhirnova, his son Andrey and his mother-in-law as religious refugees. The life they gave up and expected to find here was not the life they encountered. The family had to deal with great poverty, adversity and struggles to assimilate in a society strange to them. In sum, the Defendant and his family lost everything they had.

The new experience of the Defendant and his family in America began with life in a crowded one-bedroom apartment with five people. Shortly thereafter, the Defendant's mother-in-law became hostile to the Defendant and blamed him for their impoverished condition, seeking to have him separated from his family. The stresses of a strange culture, no money, no job, poor prospects for change and being blamed for it all began to take their toll on the

6

Defendant. Emotional distance between the Defendant and his wife eventually lead to their divorce.

As a result of the foregoing, the Defendant had made some poor choices in expressing his frustration and anger, which culminated in the criminal history presented to the court. However, the most redeeming aspect of the Defendant's conduct is that in the time period since his criminal history, he has built a well respected and recognized business, a Russian video store (Books, Music and Videos) in the Russian community, which serves not only as a business and social gathering point for the Russian community, but as a valuable source of aid and assistance to those in need in the community. Moreover, in line with this, his relationships with people in his life, including his ex-wife, have been exemplary.

At present, the Defendant's girlfriend and fiancé, Irina Sadovnikova, who has been an invaluable help to running the business and currently pregnant with the Defendant's child. Her task ahead to raise their child and keep the business running is a daunting one, and one which greatly pains the Defendant due to his knowledge that it will be a great deal of time before he can be a free man with them again. Even in line with these considerations, the Court's adoption of the Defendant's request for downward departures will not relieve the Defendant of the fact that he will face a lengthy prison sentence and likely face future deportation proceedings.

### Impositon of the Sentence

The Defendant further seeks a downward departure pursuant to U.S.S.G. § 3553, as the Defendant seeks the imposition of a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in the sentencing guidelines. As such, the Defendant seeks

7

the Court's wisdom in determining the appropriate sentence notwithstanding the application of the calculation of the guidelines and in consideration of the following:

1. The minimal role and involvement of the Defendant in the crimes charged;

2. The length of the Defendant Roman Zhirnov's sentence in comparison with those of the co-defendant's, especially those co-defendants with more than minimal involvement, so as to avoid unwarranted sentence disparities among co-defendants who have been found guilty or who have admitted guilt; (Co-Defendant Andrey Buynovskiy, also considered to have minimal involvement, received a sentence of one year and one day);

3. The Defendant's personal circumstances, as outlined in the letters submitted to Probation and the Defendant's personal letter attached hereto as "Exhibit A");

4. The exaggerated nature of the Defendant's criminal record and conduct, as discussed in detail herein;

5. The adequate and substantial punishment which will be imposed on the Defendant with imposition of the Defendant's recommended sentence, especially in consideration of Defendant's immigration status and consequences of deportation; and

6. The cost and burden on the government to incarcerate the Defendant as viewed against the other considerations enumerated herein.

## CONCLUSION

For all the reasons stated herein, the defense recommends a sentence of two years. Such period of incarceration is appropriate in view of the circumstances, consideration of the

Defendant's prior criminal behavior, and the factors enumerated in U.S.S.G. §§ 3553 and 5K2.0.

The defendant would have no objection to a $100.00 mandatory special assessment.

                                                                 Respectfully Submitted,
                                                                 The Defendant, Roman Zhirnov,
                                                                 By His Attorney,

Date: March 23, 2006                                        _____
                                                                Charles J. Sclafani, Jr.
                                                                BBO# 550411

                                                                Johnson & Sclafani
                                                                776 Westfield Street
                                                                West Springfield, MA 01089
                                                                413-732-8356
                                                                413-439-0480 FAX

## CERTIFICATE OF SERVICE

     I, Charles J. Sclafani, Jr., attorney for the Defendant, Roman Zhirnov, hereby certify that on this 24th day of March, 2006 I served a copy of the foregoing **DEFENDANT ROMAN ZHIRNOV'S MEMORANDUM IN SUPPORTOF MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM** by in hand delivery to Assistant United States Attorney, Kevin O'Regan, Federal Building & Courthouse, 1550 Main Street, Springfield, MA 01103 and by facsimile on this 21st day of April 2005 and to United States Probation Officer Richard Rinaldi, Federal Building & Courthouse, 1550 Main Street, Room 12, Springfield, MA 01103

                                                                _____
                                                                Charles J. Sclafani, Jr.